**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT KANSAS**
**AT KANSAS CITY**

| | | |
|---|---|---|
| ARMANDO GUTIERREZ, | ) | |
| | ) | |
| On Behalf of Himself and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 19-cv-2527 |
| | ) | |
| THE BIG BISCUIT COMPANY, LLC | ) | |
| | ) | |
| And | ) | |
| | ) | |
| BBR OVERLAND PARK, LLC | ) | |
| d/b/a THE BIG BISCUIT | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

## COMPLAINT

Plaintiff Armando Gutierrez and all other individuals similarly situated collectively set forth their causes of action against The Big Biscuit Company, LLC and BBR Overland Park, LLC (hereinafter collectively referred to as Defendants, or "The Big Biscuit," under § 216(b) of the Fair Labor Standards Act ("FLSA") and the Kansas Wage Payment Act ("KWPA") for violations of the FLSA and KWPA. In support thereof, the Plaintiff asserts and states as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendants for unpaid minimum wage and overtime compensation, and related penalties and damages.

2.      Defendants' policy and practice is to deny minimum wages and overtime pay to servers working at its restaurants.  Defendants' failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.;* and the Kansas Wage Payment Act, K.S.A. §44-313, *et. seq.*

3.      Plaintiff previously worked as a server for Defendants' place of business on 135th Street in Overland Park, Kansas from approximately December 2017 until approximately December 2018.

4.       This lawsuit is brought as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA and a class action pursuant to Fed. R. Civ. P. 23.

5.      Plaintiff and others similarly situated bring this action against The Big Biscuit, for unpaid wages, and related penalties and damages.

6.      Defendants' practices and policies have resulted in Defendants willfully failing to properly pay straight time and overtime due and owing to Plaintiffs and all other similarly situated employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

7.      Further, Defendants has received the benefits of the work of the Plaintiffs and others similarly situated, and failed to compensate them for the reasonable value of these services.

8.      Defendants has claimed the tip credit on the Plaintiffs and other similarly situated employees, despite not actually giving them adequate required notice and/or requiring servers to

spend more than 20% of their workday/workweek engaged in non-tip-producing activities. Thus, the Defendants is in violation of the FLSA and its tip credit requirements, and therefore, has failed to pay their putative Plaintiffs their due minimum wage and overtime as required by the Act. Accordingly, the Defendants has also violated the Kansas Wage Payment Act.

9.      Defendants has failed to pay wages and overtime to its hourly employees by failing to pay them for all of their compensable time in violation of the FLSA. Plaintiffs and others similarly situated seek compensation for unpaid straight time and overtime premiums for all hours worked, required, suffered, or permitted by the Defendants; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## JURISDICTION AND VENUE

10.     This Court has original federal question jurisdiction under 28 U.S.C. §§ 1331 and § 1337.

11.     In addition, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law class action claims brought under the laws of Kansas.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants conducts business, and has substantial business contacts in Johnson County, Kansas, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

13.     Plaintiff is a resident of Johnson County, Kansas.

14.     At all relevant times, Plaintiff was employed as a server for Defendants.

15.     At all times relevant to this action, Plaintiff worked at Defendants' place of business located in Overland Park, Kansas.

16.     The Big Biscuit Company, LLC is a corporation organized under the laws of Kansas, with its principal place of business located in the State of Kansas. Upon information and belief, The Big Biscuit Company, LLC owns and operates The Big Biscuit restaurants in Kansas.

17.     BBR Overland Park, LLC is a corporation organized under the laws of Kansas, with its principal place of business located in the State of Kansas. Upon information and belief, BBR Overland Park, LLC owns and operates The Big Biscuit restaurants in Kansas.

18.     Hereinafter, both BBR Overland Park, LLC and The Big Biscuit Company, LLC will collectively be referred to as The Big Biscuit, unless otherwise delineated.

19.     At all times relevant to this action, The Big Biscuit owned and/or operated restaurants called The Big Biscuit that serve breakfast and lunch cuisine to their customers.

20.     At all times relevant to this action, Defendants, The Big Biscuit, was authorized to do business and was in fact doing business in the State of Kansas.

21.     At all relevant times herein, Defendants operated restaurants in Kansas.

22.     At all relevant times, Defendants as the employer of Plaintiff, and all other similarly situated employees, is thus liable to Plaintiff, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

23.     Plaintiff brings Count I, the FLSA claim for servers and/or bartenders, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and of the following class of persons:

> All The Big Biscuit servers employed by Defendants, within three years from the commencement of this action who have not been paid minimum wage for all hours worked

4

and/or have not been properly paid overtime compensation, at one-and-one-half times the minimum wage, for all work performed in excess of forty hours per week.

24.     Plaintiff brings his state law claims in Count II under state law as an opt-out class action, as defined below, pursuant to Fed. R. Civ. P. 23. Plaintiff, individually, and behalf of others similarly situated, seeks relief on a class basis challenging Defendants' practice of compensating Plaintiff and others similarly situated. The Rule 23 subclasses are defined as follows:

> All The Big Biscuit servers employed by Defendants in the state of Kansas within two years of the filing of this action.

25.     The class satisfies the numerosity standards in that the class numbers are understood to be over 50 during the statutory period.  As a result, joinder of all class members in a single action is impracticable.  Class members may be informed of the pendency of this class action through direct and electronic mail as well as notice posted in the restaurant.

26.     There are questions of fact and law common to the classes that predominate over any questions affecting individual members.  The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

a.     Whether all class members were paid based on the "tip credit";

b.     Whether Defendants was entitled to take a credit against minimum wages for some or all of the hours worked by the class members from class members' tips;

c.     Whether Defendants provided the proper notice to its employees that it intended to take the tip credit;

d.     Whether Plaintiff and other servers spent more than 20% of their time engaged in non-tip-producing activities;

e.     Whether Defendants recorded the amount of time spent performing non-tip-producing activities;

5

f.    Whether Defendants knew or had reason to know its policies and compensation practices were unlawful, and

g.    Whether Defendants retained a benefit from such unlawful policies and compensation practices.

27.    The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

28.    Plaintiff's claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as the Plaintiff and were subject to the same or similar unlawful practices as the Plaintiff.

29.    A class action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendants has acted or refused to act on grounds generally applicable to the class.  The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

30.    The Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class he seeks to represent.  The interests of the members of the class will be fairly and adequately protected by the Plaintiff acting as Class Representative and his undersigned counsel, who have experience in employment and class action lawsuits.

31.    Maintenance of this action as a class action is a fair and efficient method to resolve this controversy.  It would be impracticable and undesirable for each member of the class who

suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

32.     The FLSA claim may be pursued by those who opt in to this case, pursuant to 29 U.S.C. § 216(b).

33.     Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging Defendants' FLSA violations. The number and identity of other plaintiffs yet to opt in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

34.     To the extent required by law, notice will be provided to said individuals via first class mail, email and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## COUNT I

### Violation of the Fair Labor Standards Act

### (Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)

35.     Plaintiff re-alleges the allegations as set forth above.

36.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

37.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in

the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

38.      Defendants is subject to the minimum wage and overtime pay requirements of the FLSA because each is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

39.      At all relevant times, Defendants has been, and continue to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

40.      At all relevant times, Defendants has employed, and/or continues to employ, "employee[s]," including Plaintiff and all similarly situated employees.

41.      At all times relevant herein, Defendants had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

42.      Plaintiff was employed by Defendants. During this time frame, Plaintiff performed work for Defendants in the position of server.

43.      During the statutory period, Plaintiff was paid an hourly wage of $2.13 per hour, and received tips.

44.      Prior to and during Plaintiff's employment with Defendants, Defendants employed numerous other servers who had the same job duties and compensation structure as Plaintiff.

45.      Plaintiff and all similarly situated employees have substantially similar job requirements and pay provisions, and are subject to Defendants' common policy and practice of refusing to correctly pay minimum wages and overtime wages in violation of the FLSA.

46.      The FLSA requires employers, such as Defendants, to compensate all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half the minimum wage, for work performed in excess of forty hours in a work week.

47.     Plaintiff and all similarly situated employees are not exempt from the right to receive the Federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

48.     At all relevant times, Defendants had a policy and practice of failing to properly pay minimum wages because Defendants has violated the rules for using the tip credit, including that it requires servers to spend more than 20 percent of their time engaged in non-tip-producing activities and/or failed to properly inform them of its intent to take a credit against tipped employees' wages.

49.     At all relevant times, Defendants also had a policy and practice of failing to properly pay minimum wages because Defendants had a policy and plan of requiring servers to pool their tips with non-tip-earning employees.

50.     Defendants' failure to properly compensate Plaintiff and all others similarly situated under the tip credit rules and overtime rules constitutes a violation of the Fair Labor Standards Act's minimum wage requirements, 29 U.S.C. §§ 201, *et. seq.*

51.     Defendants' violation of the FLSA is continual in nature; in that Defendants continues to pay its servers under the same unlawful policies and procedures that are set forth in detail herein.

52.     Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

53.     Defendants has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in

an amount equal to the amount of unpaid overtime described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

54.     As a result of the aforesaid violations of the FLSA's tip credit and overtime pay provisions, proper minimum wage and overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Plaintiff, and all others similarly situated, seek damages in the amount of all respective unpaid minimum wage and overtime, plus liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper,

**WHEREFORE**, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

a.     Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action:

b.     Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

c.     Award Plaintiff, and all similarly situated employees, pre-judgment and post-judgment interest as provided by law;

d.     Award Plaintiff and all similarly situated employees' attorneys' fees and costs as allowed by Section 216(b) of the FLSA;

e.     Issue a declaration that Defendants has violated state and federal law; and

f.     Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT II

### Violation of the Kansas Wage Payment Act

55.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

56.     The Plaintiff, on behalf of himself and all others similarly situated, brings a claim for the Defendants' violation of the KWPA.

57.     As far as said factual allegations are applicable to the claims made herein under the KWPA, the Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

58.     At all relevant times, Defendants has been, and will continue to be an "employer" within the meaning of the KWPA, K.S.A. § 44-313(a).

59.     At all relevant times, Defendants has employed, and/or continue to employ, "employee[s]," within the meaning of the KWPA § 44-313(b); including the Plaintiff.

60.     Plaintiff brings a claim for Defendants' violation of the KWPA, K.S.A. § 44-313 *et seq*.

61.     At all relevant times, Defendants has a policy and practice of failing and refusing to properly pay Plaintiff for work performed, earned in violation of the KWPA, K.S.A. § 44-314. Defendants has violated the KWPA.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

a.     Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

11

b.      Designation of Plaintiff Gutierrez as Representative Plaintiff, acting for and on behalf of the putative class members;

c.      A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d.      An award of damages of the full amount of the wage rate and an additional equal amount as penalties, less the amounts actually paid to the Plaintiff and the putative class by the Defendants;

f.      Costs and expenses of this action incurred herein;

g.      Reasonable attorneys' fees and expert fees, as allowed by this Court;

h.      Pre-Judgment and Post-Judgment interest, as provided by law; and

i.      Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT III

### Quantum Meruit/Unjust Enrichment

62.     Plaintiff realleges and incorporates by reference each and every allegation and averment as though fully set forth herein.

63.     Defendants has been and is being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees.   Defendants has been and is being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

64.     Defendants intentionally refused to pay Plaintiff and other similarly situated

employees at the proper rate for all hours worked.  Defendants know or should know the proper rate of pay for Plaintiff and other similarly situated employees.  Such wrongful conduct demonstrates bad faith on the part of Defendants.

65.     It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

a.     Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

b.     Designation of Plaintiff Gutierrez as Representative Plaintiff, acting for and on behalf of the putative class members;

c.     A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d.     An award of restitution of the full amount of the wage rate and an additional equal amount as penalties, less the amounts actually paid to the Plaintiff and the putative class by the Defendants;

f.     Costs and expenses of this action incurred herein;

g.     Reasonable attorneys' fees and expert fees, as permitted;

h.     Pre-Judgment and Post-Judgment interest, as provided by law; and

i.      Any and all such other and further relief as this Court deems necessary, just and

proper.

**Designation of Place of Trial**

Plaintiff hereby designates the place of trial to be the United States District Court

for the District of Kansas at Kansas City.

Respectfully submitted,

**THE HODGSON LAW FIRM, LLC**

/s/ *Michael Hodgson*
Michael Hodgson KS Bar No. 21331
3609 SW Pryor Rd.
Lee's Summit, Missouri 64082
mike@thehodgsonlawfirm.com
(p) 816.600.0117
(f) 816.600.0137

AND

**DUGAN SCHLOZMAN LLC**

 /s/ *Heather J. Schlozman*
Heather J. Schlozman, KS Bar # 23869
Mark V. Dugan, KS Bar # 23897
heather@duganschlozman.com
mark@duganschlozman.com
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Telephone:  (913) 322-3528
Facsimile:  (913) 904-0213

**Counsel for Plaintiff and the Putative Class**